878 F.2d 378
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Alexander BROWNLEE, Plaintiff-Appellant,
v.
ABBEVILLE SHERIFF DEPARTMENT, Joe Wilson, Bob Mock, James
Wildman, Dwayne Rumey, Edward Manos, City of
Abbeville, City of Due West, Defendants-Appellees.
 No. 89-6559.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1989.
Decided June 23, 1989.
 
 Joseph Alexander Brownlee, appellant pro se.
 Joseph Crouch Coleman, for appellees.
 Before DONALD RUSSELL, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Brownlee brought this 42 U.S.C. Sec. 1983 action alleging that four police officers, two cities, a sheriff's department, and a local magistrate violated his civil rights. The action stems from Brownlee's arrest on an assault charge. The district court dismissed the action upon recommendation of a United States Magistrate. We affirm in part, vacate in part, and remand for further proceedings.
 
 
 2
 The majority of Brownlee's claims were without merit, and were properly dismissed. His claims regarding the use of excessive force, however, should not have been dismissed. Brownlee alleged that the officers who arrested him, defendants Wilson, Wideman, and Rumsey,* used excessive force during the arrest, and that they beat him during the car ride to the police station. These allegations were made in a verified complaint and an affidavit; therefore, they created a genuine issue of material fact sufficient to withstand the defendants' motion for summary judgment. Consequently, we vacate the district court's order with respect to these claims and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.
 
 
 3
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Although Brownlee alleged that defendant Mock was on the premises during the arrest, he did not allege that Mock was involved in the use of excessive force or the beating; Mock denied any involvement in Brownlee's arrest. Therefore, Mock will not be a party on remand
 Further, the cities of Abbeville and Due West, along with the Abbeville Sheriff's Department, cannot be held liable on a respondeat superior theory; therefore, they will not be parties on remand. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978).
 Finally, as Magistrate Manos was not a participant in the arrest, he will not be a party on remand.